UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| 70TH AND GREENWOOD AVE, LLC, a Washington limited liability company,<br><br>  Plaintiff,<br><br>  v.<br><br>AGCS MARINE INSURANCE COMPANY, an Illinois company,<br><br>  Defendant. | No. 2:23-cv-<br><br>NOTICE OF REMOVAL OF DEFENDANT AGCS MARINE INSURANCE COMPANY |

**TO: CLERK OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON**

PLEASE TAKE NOTICE that Defendant AGCS Marine Insurance Company ("AGCS" and "Defendant" interchangeably) hereby removes the above-captioned action, filed in the Superior Court of Washington in and for King County, to the United States District Court for the Western District of Washington pursuant to 28 U.S.C. §§ 1332, 1441(a), and 1446(a). In support of this Notice of Removal, Defendant respectfully states as follows:

## I. INTRODUCTION

Plaintiff 70th and Greenwood Ave, LLC ("Plaintiff") commenced this action against Defendant in King County Superior Court on August 10, 2023, where it was assigned Cause Number 23-2-14872-0 SEA (the "State Court Action"). Pursuant to 28

NOTICE OF REMOVAL OF DEFENDANT AGCS MARINE INSURANCE COMPANY (No. 2:23-cv-) – Page 1

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

U.S.C. § 1446(a), a true and correct copy of the Complaint is attached hereto as **Exhibit A**.

Shortly after August 10, 2023, AGCS received notice of the filing of the State Court Action from one of its attorneys. To the best of AGCS's knowledge, it has not yet received service of the State Court Action Summons and Complaint.

AGCS is filing this Notice of Removal within 30 days after the State Court Action Complaint was filed and AGCS received notice thereof. Under 28 U.S.C. 1446(b), AGCS's time to remove has not yet expired.

This case relates to a claim for insurance coverage under a builder's risk insurance policy. Plaintiff seeks coverage for certain purported losses arising from damage to the project due to faulty, inadequate, or defective design and construction. Plaintiff's Complaint asserts four causes of action against Defendant: (1) breach of contract; (2) common law bad faith; (3) Consumer Protective Action claims; and (4) negligence. Plaintiff also reserves the right to file a fifth cause of action under the Insurance Fair Conduct Act.

## II. GROUNDS BASIS FOR REMOVAL

This case is removable pursuant to 28 U.S.C. § 1441(a), which provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

Pursuant to 28 U.S.C. § 1332, this Court "shall have original jurisdiction of all civil actions where the matter in controversy" (1) exceeds the sum or value of $75,000 and (2) is between citizens of different States. As discussed further below, each of the requirements for diversity jurisdiction are satisfied here.

NOTICE OF REMOVAL OF DEFENDANT AGCS MARINE INSURANCE COMPANY (No. 2:23-cv-) – Page 2

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

**Amount in Controversy**

When a complaint does not specify a particular amount of damages, "the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy" exceeds the jurisdictional amount—i.e., $75,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). To establish the amount in controversy, "parties may submit evidence outside the complaint, including affidavits or declarations, or other summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (internal quotation marks and citation omitted).

While AGCS denies liability for Plaintiff's claims, Plaintiff's Complaint seeks damages of not less than $8,574,553, plus interest. Accordingly, based on the foregoing, AGCS has shown, by a preponderance of the evidence, that the amount in controversy requirement for diversity jurisdiction is met.

**Diversity of Citizenship**

For purposes of determining diversity of citizenship under 28 U.S.C. § 1332(a), a corporation is a citizen of the State or foreign state where (i) it has been incorporated; and (ii) its principal place of business is located. 28 U.S.C. § 1332(c). The principal place of business for a corporation is determined by the location of its "nerve center," which includes the location of its headquarters and the location where its "officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend,* 559 U.S. 77, 82, 130 S. Ct. 1181 (2010).

Plaintiff is a Washington company with its principal location and place of business in Seattle, Washington. **Ex. A** ¶¶ 1, 6-7; Isacke Decl. ¶ 3. In its Complaint, Plaintiff alleges that it is the owner and developer of the project at issue in the Complaint. **Ex. A** ¶ 6.

NOTICE OF REMOVAL OF DEFENDANT AGCS MARINE INSURANCE COMPANY (No. 2:23-cv-) – Page 3

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

Defendant is currently, and since commencement of this action has been, a corporation duly incorporated, organized, and existing under the laws of Illinois, with its principal place of business in Chicago, Illinois. *See id.* ¶ 2.[1]

Based on the foregoing, complete diversity of citizenship exists because Plaintiff is a citizen of the state of Washington, while Defendant is a citizen of Illinois. Because this action involves completely diverse parties, and the amount of controversy exceeds $75,000, this Court has original jurisdiction of the action pursuant to 28 U.S.C. § 1332(a). Therefore, removal to this Court is proper.

### III. VENUE AND INTRA-DISTRICT ASSIGNMENT

Western District of Washington, Seattle Division, is the proper venue for this action upon removal because this district and division embrace the Superior Court of Washington for King County, where the Complaint was filed and is currently pending. *See* 28 U.S.C. § 1441(a).

### IV. PROCEDURAL REQUIREMENTS

The Notice of Removal is timely filed. Plaintiff filed the Summons and Complaint in King County Superior Court on August 10, 2023. To the best of its knowledge, AGCS has not been served with the Summons or Complaint. However, AGCS became aware of the Complaint shortly after its filing when the Complaint was referred to it by one of its attorneys. Since only twenty-nine (29) days have elapsed since the original filing, AGCS has filed and served this Notice of Removal within thirty (30) days from the date this matter first became removable, as required by 28 U.S.C. § 1446(b)(3).

Pursuant to LCR 101(b), the Civil Cover Sheet, the Complaint, the Declaration of Service, and Defendant's Demand for Jury are filed herewith. Defendant will separately file a Verification of State Court Records in accordance with LCR 101(c) and 28 U.S.C. § 1446(a).

---

[1] AGCS's Corporate Disclosure Statement has been filed contemporaneously herewith.

NOTICE OF REMOVAL OF DEFENDANT AGCS MARINE INSURANCE COMPANY (No. 2:23-cv-) – Page 4

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

Defendant will promptly serve Plaintiff with this Notice of Removal, informing Plaintiff that this matter has been removed to federal court. *See* 28 U.S.C. § 1446(d). In addition, Defendant will also promptly file with the Clerk of the Superior Court of Washington for King County, and serve on Plaintiff, a Notice of Removal to Federal Court, as required by 28 U.S.C. § 1446(d).

This Notice of Removal is signed pursuant to Federal Rule of Civil Procedure 11. *See* 28 U.S.C. § 1446(a).

## V. RESERVATION OF RIGHTS AND DEFENSES

Defendant has appeared in the action for the purpose of removal only and for no other purpose. Defendant expressly reserves all defenses and rights, including the right to amend or supplement this Notice of Removal. None of the foregoing shall be construed as in any way conceding the truth of any of Plaintiff's allegations or waiving any of Defendant's defenses. By filing this Notice of Removal, Defendant does not waive, and it expressly reserves, all rights, defenses, or objections of any nature that it may have to Plaintiff's claims.

## VI. CONCLUSION

Having fulfilled the statutory requirements of removal, AGCS respectfully removes this action from the Superior Court of Washington for King County to this Court.

DATED this 8th day of September, 2023.

McNAUL EBEL NAWROT & HELGREN PLLC

By: s/Curtis C. Isacke
    Curtis C. Isacke, WSBA No. 49303

600 University Street, Suite 2700
Seattle, Washington 98101
(206) 467-1816
cisacke@mcnaul.com

Attorneys for Defendant AGCS Marine Insurance Company

NOTICE OF REMOVAL OF DEFENDANT AGCS MARINE INSURANCE COMPANY (No. 2:23-cv-) – Page 5

LAW OFFICES OF
McNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| 70TH AND GREENWOOD AVE, LLC, a Washington limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>AGCS MARINE INSURANCE COMPANY, an Illinois company,<br><br>Defendant. | No. 2:23-cv-<br><br>CERTIFICATE OF SERVICE OF NOTICE OF REMOVAL |

I HEREBY CERTIFY that on September 8, 2023, I electronically filed the Notice of Removal with the Clerk of the Court using the CM/ECF system, which will send notifications of such filing to those attorneys of record registered on the CM/ECF system. All other parties (if any) shall be served in accordance with the Federal Rules of Civil Procedure. The contact information, including email addresses, for counsel of record is as follows:

> Tristan Swanson
> Donald B. Scaramastra
> Miller Nash LLP
> 605 5th Avenue South, Suite 900
> Seattle, Washington 98104
> Tristan.swanson@millernash.com
> Donald.scaramastra@millernash.com
> Attorneys for Plaintiff

CERTIFICATE OF SERVICE OF NOTICE OF REMOVAL (No. 2:23-cv-) – Page 1

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

| | |
|---|---|
| 1 | DATED this 8th day of September, 2023. |
| 2 | McNAUL EBEL NAWROT & HELGREN PLLC |
| 3 | |
| 4 | By: s/Curtis C. Isacke |
| | Curtis C. Isacke, WSBA No. 49303 |
| 5 | |
| 6 | 600 University Street, Suite 2700 |
| | Seattle, Washington 98101 |
| 7 | (206) 467-1816 |
| | cisacke@mcnaul.com |
| 8 | |
| | Attorneys for Defendant AGCS Marine Insurance Company |

CERTIFICATE OF SERVICE OF NOTICE OF REMOVAL (No. 2:23-cv-) – Page 2